# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| LATONYA GREEN, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )    No. 4:13-0514-DGK-SSA |
| | ) |
| CAROLYN W. COLVIN, | ) |
| Acting Commissioner of Social Security, | ) |
| | ) |
|     Defendant. | ) |

## ORDER AFFIRMING COMMISSIONER'S DECISION

This action seeks judicial review of the Commissioner of Social Security's decision denying Plaintiff LaTonya Green's applications for Social Security benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401–434, and Supplemental Security Income under Title XVI of the Act, 42 U.S.C. §§ 1381–1383f. The Administrative Law Judge ("ALJ") found Plaintiff had multiple severe impairments, including cardiomyopathy, Type II diabetes, obesity, and hypertension, but retained the residual functional capacity ("RFC") to perform work as a dresser and document preparer.

After carefully reviewing the record and the parties' arguments, the Court finds the ALJ's opinion is supported by substantial evidence on the record as a whole. The Commissioner's decision is AFFIRMED.

**Procedural and Factual Background**

The complete facts and arguments are presented in the parties' briefs and are repeated here only to the extent necessary.

Plaintiff filed the pending applications on December 8, 2009, alleging a disability onset date of April 1, 2008. The Commissioner denied the applications at the initial claim level, and

Plaintiff appealed the denial to an ALJ. On February 16, 2012, the ALJ held a hearing and on April 25, 2012, the ALJ issued a decision finding Plaintiff was not disabled. The Appeals Council denied Plaintiff's request for review on April 25, 2013, leaving the ALJ's decision as the Commissioner's final decision. Plaintiff has exhausted all administrative remedies and judicial review is now appropriate under 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3).

## Standard of Review

The Commissioner follows a five-step sequential evaluation process[1] to determine whether a claimant is disabled, that is, unable to engage in any substantial gainful activity by reason of a medically determinable impairment that has lasted or can be expected to last for a continuous period of at least twelve months. 42 U.S.C. § 423(d)(1)(A).

A federal court's review of the Commissioner of Social Security's decision to deny disability benefits is limited to determining whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Buckner v. Astrue,* 646 F.3d 549, 556 (8th Cir. 2011). Substantial evidence is less than a preponderance, but enough evidence that a reasonable mind would find it sufficient to support the Commissioner's decision. *Id.* In making this assessment, the court considers evidence that detracts from the Commissioner's decision, as well as evidence that supports it. *McKinney v. Apfel,* 228 F.3d 860, 863 (8th Cir. 2000). The court must "defer heavily" to the Commissioner's findings and conclusions. *Hurd v. Astrue,* 621 F.3d 734, 738 (8th Cir. 2010). The court may reverse the Commissioner's decision only if it falls

---

[1] "The five-step sequence involves determining whether (1) a claimant's work activity, if any, amounts to substantial gainful activity; (2) his impairments, alone or combined, are medically severe; (3) his severe impairments meet or medically equal a listed impairment; (4) his residual functional capacity precludes his past relevant work; and (5) his residual functional capacity permits an adjustment to any other work. The evaluation process ends if a determination of disabled or not disabled can be made at any step." *Kemp ex rel. Kemp v. Colvin*, 743 F.3d 630, 632 n.1 (8th Cir. 2014); *see* 20 C.F.R. §§ 404.1520(a)–(g); 416.920(a)–(g). Through Step Four of the analysis the claimant bears the burden of showing that he is disabled. After the analysis reaches Step Five, the burden shifts to the Commissioner to show that there are other jobs in the economy that the claimant can perform. *King v. Astrue*, 564 F.3d 978, 979 n.2 (8th Cir. 2009).

outside of the available zone of choice, and a decision is not outside this zone simply because the court might have decided the case differently were it the initial finder of fact. *Buckner,* 646 F.3d at 556.

## Discussion

Plaintiff argues that the ALJ erred by: (1) failing to find that the combined effects of her impairments meet listing 4.02; and (2) improperly assessing her credibility.[2] These arguments are without merit.

**A. The ALJ's finding that Plaintiff did not meet listing 4.02 is supported by substantial evidence on the record.**

Plaintiff contends that the combined effects of her impairments meet or equal Listing 4.02. Substantial evidence on the record, however, supports the ALJ's determination that they do not. Listing 4.02 requires chronic heart failure while on a regimen of prescribed treatment, with symptoms and signs. 20 C.F.R. pt. 404, subpt. P, app. 1, § 4.02. To meet or equal this listing, the claimant must show medically documented presence of one of the following: (1) systolic function with left ventricular end diastolic dimensions greater than 6.0 cm or ejection fraction of 30 percent or less during a period of stability (that is, not during an episode of acute heart failure); or (2) diastolic failure with left ventricular posterior wall plus septal thickness totaling 2.5 cm or greater on imaging, with an enlarged left atrium greater than or equal to 4.5 cm, with normal or elevated ejection fraction during a period of stability. 20 C.F.R. pt. 404, subpt. P, app. 1, § 4.02A ("the part A requirements"). Additionally, the claimant must also show

---

[2] A heading in Plaintiff's brief asserts that "The ALJ Did Not Apply The Correct Legal Standard To Assess Plaintiff's Residual Functional Capacity." Pl.'s Br. at 24. Although the text underneath this heading supplies some boilerplate language concerning the RFC determination, Plaintiff never raises any specific objection to the ALJ's determination or otherwise explains how the ALJ erred in determining her particular RFC. Pl.'s Br. at 24-25. It appears that Plaintiff's counsel cut and pasted this section of the brief from another brief, but failed to include any specific argument explaining exactly how the ALJ failed to apply the correct standard here. Because Plaintiff has failed to make a specific argument, the Court proceeds as if this issue had not been raised at all. *See Whited v. Colvin*, No. C13-4039-MWB, 2014 WL 1571321, at *2 (N.D. Iowa April 18, 2014) (discussing how the failure to specifically object to a magistrate judge's decision is akin to making no objection at all).

one of the following: (1) persistent symptoms of heart failure which very seriously limit the ability to independently initiate, sustain, or complete activities of daily living in an individual for whom a doctor has concluded that the performance of an exercise test would present a significant risk to the individual; or (2) three or more separate episodes of acute congestive heart failure within a consecutive 12-month period with evidence of fluid retention from clinical and imaging assessments at the time of the episodes, requiring acute extended physician intervention such as hospitalization or emergency room treatment for 12 hours or more, separated by periods of stabilizations; or (3) an inability to perform on an exercise tolerance test at a workload equivalent to five METS or less. 20 C.F.R. pt. 404, subpt. P, app. 1, § 4.02B ("the part B requirements"). As with any listing, Plaintiff bears the burden of establishing that she meets the listing. *Johnson v. Barnhart*, 390 F.3d 1067, 1070 (8th Cir. 2004).

Plaintiff presented no evidence that she meets or equals the part A requirement of Listing 4.02. As discussed below, because Plaintiff was not compliant with treatment she does not satisfy the requirement that she be on a regimen of prescribed treatment. In fact, the record indicates that her symptoms improved when she received her medications. R. at 364, 390, 412, 543, 545, 549.

Additionally, Plaintiff has not shown that she meets the part B requirements. Plaintiff has not undergone an exercise test, and nothing in the record indicates she cannot perform one. Furthermore Plaintiff has also not had three hospitalizations for heart failure with separated periods of stabilization.

The Court also notes that the ALJ's determination that Plaintiff does not meet the listing is consistent with the state agency medical consultants' opinions. R. at 352-57, 528-34. In February 2009, Joyce Majure-Lees reviewed the medical records and found that Plaintiff did not
4

meet or equal a listing-level impairment and could perform work at all exertional levels. R. at 352-57. And in October 2010, Dr. Susan Rosamond, M.D., reviewed updated medical records and found Plaintiff did not meet or equal a listing-level impairment and could perform a range of light work. R. at 528-34. Thus, substantial evidence supports the ALJ's determination that Plaintiff did not meet or equal any listing-level impairment. *Kamann v. Colvin*, 721 F.3d 945, 951 (8th Cir. 2013).

**B.     The ALJ properly assessed Plaintiff's credibility.**

Plaintiff's other claim—that the ALJ failed to properly determine her credibility—is also meritless. Plaintiff argues the ALJ erred by considering her non-compliance with treatment in determining her credibility without first considering whether she was non-compliant because she could not afford treatment or medications. But the ALJ specifically found that Plaintiff was never refused treatment for financial reasons, noting she "provided no valid excuse for her noncompliance," and that despite claiming she could not afford treatment, "there is no evidence in the record that she has ever been refused" treatment or needed medications for financial reasons. R. at 15-16. The record supports these observations. Plaintiff had Medicaid coverage and received a discount from Truman Medical Center, R. at 313-14, and there is no evidence in the record that she ever applied for or was denied financial assistance to cover medication costs. Consequently, the ALJ did not err in finding that Plaintiff non-compliant with the recommended treatment so justifiably found her less credible. *See Goff v. Barnhart*, 421 F.3d 785, 793 (8th Cir. 2005) (holding that when there is no evidence that the claimant was ever denied treatment for financial reasons, failure to take medication is relevant to the claimant's credibility).

Finally, the Court notes that the ALJ's other reasons for discounting Plaintiff's credibility—her poor work history and extensive activities of daily living—are undisputed and

detract from Plaintiff's credibility. *See McCoy v. Astrue*, 648 F.3d 605, 614 (8th Cir. 2011) ("[A]cts such as cooking, vacuuming, washing dishes, doing laundry, shopping, driving, and walking, are inconsistent" with disability); *Buckner*, 646 F.3d at 558 (holding a poor work history detracts from an individual's credibility); *Brown v. Barnhart*, 390 F.3d 535, 541 (8th Cir. 2004) (holding that acting as the primary care giver for others is inconsistent with disability).

## Conclusion

Substantial evidence on the record supports the Commissioner's decision, and so the Commissioner's decision is AFFIRMED.

**IT IS SO ORDERED.**

Date:   September 12, 2014               /s/ Greg Kays
                                         GREG KAYS, CHIEF JUDGE
                                         UNITED STATES DISTRICT COURT